IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| ALISON S. ROGERS, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-04181 |
| | § | |
| CAR WASH PARTNERS, INC. | § | |
| D/B/A MISTER CAR WASH, CO. | § | |
| AND JOHN DOE | § | |
|    *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

On January 17, 2019, Charles Rogers, Plaintiff's counsel and Katherine Mendiola, Defendant's counsel, participated in a telephone conference.

**2.   List the cases related to this one that are pending in any state or federal court with the case number and court.**

This case was removed from the 152nd District Court of Harris County, Texas (Cause No. 2018-65634).

**3.   Briefly describe what this case is about.**

This an alleged property damage and personal injury suit arising out of a vehicle collision that occurred on September 19, 2016 at a Mister Car Wash premises, located at 10760 Westheimer Road, Houston Texas 77042. Briefly, Defendant asserts that it was an employee of CWP Asset Corp. who drove one of Defendant's customer's vehicles into Plaintiff's parked vehicle. Plaintiff was not in either vehicle at the time, but was standing nearby.

**4.   Specify the allegation of federal jurisdiction.**

This Court has diversity jurisdiction. Plaintiff, a resident of Houston, Texas, and Defendant, Car Wash Partners, Inc., is a Delaware corporation with its principal place of business in Arizona. Plaintiff seeks damages between $100,000 and $200,000.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff intends to join CWP Asset Corp. and the CWP Asset Corp. employee, Oscar Molina (currently, Plaintiff has sued "John Doe," but intends to drop that reference/party when Molina is sued and served). Defendant opposes Plaintiff's attempt to name the driver Oscar Molina. Defendant asserts that the statute of limitations has run on this cause of action and there is no applicable Texas or federal law that allows for the naming of "John Doe" to toll the statute of limitations.

   Plaintiff asserts that exceptions to the statute of limitations apply because Defendant from the outset of this case has prevented Plaintiff from determining the identity of Plaintiff's employee driver, from the moment of the collision, by removing the driver from the property and refusing to disclose his identity, and continuing to the filing of this Joint Discovery/Case Management Plan, by refusing Plaintiff's request for contact information for the driver needed by Plaintiff to serve the individual with process.

   Defendant denies these assertions and reserves the right to supplement the record with evidence in support of its denial.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Each party has made the required initial disclosures pursuant to Rule 26(a).

10. **Describe the proposed agreed discovery plan, including:**
    A. **Responses to all the matters raised in Rule 26(f).**
    B. **When and to whom the plaintiff anticipates it may send interrogatories.**
    C. **When and to whom the defendant anticipates it may send interrogatories.**
    D. **Of whom and by when the plaintiff anticipates taking oral depositions.**
    E. **Of whom and by when the defendant anticipates taking oral depositions.**
    F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
    G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
    H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    A. The parties do not believe any changes in the timing, form, or requirement for disclosures under Rule 26(a) are necessary.
    B. Plaintiff anticipates serving interrogatories on Defendant within the next thirty (30) days.
    C. Defendant will serve interrogatories on Plaintiff within the next thirty (30) days.
    D. Plaintiff anticipates deposing the CWP Asset Corp. employee who was involved in the accident. That deposition will occur during the next one-hundred and twenty (120) days.
    E. Defendant will depose Plaintiff following receipt of Plaintiff's written discovery responses and the receipt of all relevant medical records, if any. Currently, Defendant anticipates taking that deposition within the next one-hundred and twenty (120) days.
    F. Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) on June 11, 2019, and Defendant will be able to designate responsive experts and provide their reports on July 11, 2019.
    G. Plaintiff may depose one or more treating physicians. Plaintiff anticipates completing those depositions, if any, by September 15, 2019.
    H. Subject to developments during written discovery, at this point, Defendant does not anticipate the need for defense experts.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None at this time.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None to date.

13.   **State the date the planned discovery can reasonably be completed.**

October 9, 2019.

14.   **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed mediating the case at a relatively early stage; perhaps following the deposition of Plaintiff and the Defendant's employee driver, along with a Rule 30(b)(6) apex deposition of Defendant.

Defendant denies any possibility to a Rule 30(b)(6) apex depositions and reserves the right to oppose any Rule 30(b)(6) apex depositions.

15.   **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties previously engaged in some settlement discussion, but those informal efforts have not been successful. The hope is that, through written discovery and one or two depositions, the parties will be in a position to more accurately evaluate their respective positions.

16.   **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

This case is suitable for a half-day mediation at the appropriate time (see above).

17.   **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties consent to a jury trial before a magistrate judge.

18.   **State whether a jury demand has been made and if it was made on time.**

Defendant timely demanded a jury trial with its notice of removal.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff anticipates she can present her case in approximately 3 hours.

    Defendant anticipates it can present its case in approximately 6 hours.

    Thus, the expectation is that the jury trial of this case will require two trial days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    Charles J. Rogers
    10030 Briar Drive
    Houston, TX 77042-1207
    (713) 238-8049
    (713) 952-2908 (fax)
    State Bar No. 00786205
    CRogers@longevitysports.com
    **Counsel for Plaintiff**

    Gregg R. Brown
    Katherine Mendiola
    Germer Beaman & Brown, PLLC
    301 Congress, Ste. 1700
    Austin, Texas 78701
    (512) 472-0288
    (512) 472-9260 (fax)
    State Bar No. 03129010 (G. Brown)
    State Bar No. 24091830 (K. Mendiola)
    Grb-svc@germer-austin.com
    Kmendiola@germer-austin.com
    **Counsel for Defense**

Respectfully submitted and signed
Pursuant to Federal Rule of Civil Procedure 11,


s/Charles J. Rogers                                          February 15, 2019
Charles Rogers                                               Date
State Bar No. 00786205
10030 Briar Drive
Houston, Texas 77042
Tel. (713) 238-8049
Fax (713) 952-2908
crogers@longevitysports.com
**Counsel for Plaintiff**



                                                             February 15, 2019
Gregg R. Brown                                               Date
State Bar No. 03129010
Katherine Mendiola
State Bar No. 24091830
Germer Beaman & Brown, PLLC
301 Congress, Ste. 1700
Austin, Texas 78701
Tel. (512) 472-0288
Fax (512) 472-9260
Grb-svc@germer-austin.com
Kmendiola@germer-austin.com
**Counsel for Defendant Car Wash Partners, Inc.**