IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALISON S. ROGERS, § | |
|    Plaintiff, § | |
| § | CIVIL NO. 4:18-cv-04181 |
| vs. § | |
| § | |
| CAR WASH PARTNERS, INC. and § | |
| CWP ASSET CORP., both dba. § | Removed from the 152nd District Court |
| MISTER CAR WASH, and § | of Harris County, Texas (2018-65634) |
| JOHN DOE § | |
|    Defendants. § | |

**DEFENDANT CWP ASSET CORP.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AND
CAR WASH PARTNERS, INC.'S FIRST AMENDED
ANSWER AND AFFIRMATIVE DEFENSES**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant CWP Asset Corp. ("CWPAC") pursuant to Federal Rule of Civil Procedure 8(b), files its original Answer and Affirmative Defenses to Plaintiff Alison Rogers' ("Plaintiff") First Amended Complaint in the above-entitled and numbered case. Defendant Car Wash Partners Inc., d/b/a Mister Car Wash ("CWPI") pursuant to Federal Rule of Civil Procedure 15(a), files its First Amended Answer to said First Amended Complaint. The paragraph numbers, below, correspond with the enumerated paragraphs in Plaintiff's First Amended Complaint (Dkt No. 13):

### UNNUMBERED PARAGRAPH

Defendants currently lack knowledge or information sufficient to form a belief regarding the factual allegations in the unnumbered paragraph. Defendants admit that Plaintiff visited the subject Mister Car Wash location in September 2016. Defendants admit that a CWPAC employee collided with Plaintiff's vehicle but currently lack knowledge or information sufficient

to form a belief regarding the claim of "substantial damage." Defendants concede and stipulate that a CWPAC employee (the driver of the vehicle that struck Plaintiff's vehicle) was negligent on the occasion in question, but denies Defendants were themselves negligent as alleged by Plaintiff (other than as to CWP, pursuant to the doctrine of *respondeat superior*). Defendants deny the remaining allegations contained in the first unnumbered paragraph of Plaintiff's Amended Complaint.

## I.
### PARTIES

1. Defendants currently lack knowledge or information sufficient to form a belief regarding allegations in Paragraph 1 regarding Plaintiff's place of residence.

2. Defendants admit the allegations in Paragraph 2 that CWPI is a Delaware Corporation, authorized to do business in Texas, previously has been served and may be served with process by serving its attorneys of record in this matter.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit CWPAC employee Oscar Molina ("Molina") was driving the vehicle that caused the collision. His name, address, phone number, and date of birth was previously provided to counsel via telephone conference on December 28, 2018. The statute of limitations has run with respect to any claim by Plaintiff against Mr. Molina, and there is no applicable "John Doe" procedure, as alleged by Plaintiff, available in this action.

## II.
### JURISDICTION

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegation in Paragraph 6 that the Court has personal jurisdiction over Defendants because they were conducting business in Texas. Defendants deny, however, that they committed torts in the State of Texas, or otherwise.

7. With respect to the allegations in Paragraph 7, Defendants admit Plaintiff would have had personal jurisdiction over Mr. Molina, had they sued him. Defendants deny there is any "John Doe" procedure available to Plaintiff that would apply to any claims against Mr. Molina, individually.

### III.
### VENUE

8. Defendants admit the allegations in Paragraph 8.

### IV.
### BACKGROUND

9. Defendants admit Plaintiff visited the Mister Car Wash location at 10760 Westheimer Road, Houston, Harris County, Texas on September 19, 2016. Defendants currently lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendants admit the allegation in Paragraph 10 that a CWPAC employee, Oscar Molina, accidentally drove a van into Plaintiff's parked vehicle. Defendants deny the remaining allegations contained in Paragraph 10.

11. Defendants admit the factual allegations in the Paragraph 11.

12. This corresponding paragraph does not contain factual allegations that require Defendants to admit or deny.

13. Defendants admit the allegation of Paragraph 13 that eleven exported frames from the video of the accident are attached to the Amended Complaint as Exhibit "B."

14. Defendants deny the allegations in Paragraph 14 regarding claims of gross negligence and/or malice. As noted previously, Defendants admit Mr. Molina was negligent on the occasion in question.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. With respect to Paragraph 17, Defendants admit Mr. Molina negligently drove a van into the vehicle owned by Plaintiff. Defendants deny the remaining allegations contained in Paragraph 17.

## V.
## COUNT 1 – NEGLIGENCE

18. Defendants admit the allegation in Paragraph 18 as it relates to CWPAC. Defendants otherwise deny the allegation in Paragraph 18.

19. Defendants admit "Oscar Molina" was in the course and scope of his employment with CWPAC and was negligent in his operation of the subject van (which was not a "commercial" van, in the sense that it was not a "commercial vehicle" under federal or state law). Defendants otherwise deny the allegations contained in Paragraph 18 of the Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 that the breach of duty caused injury to Plaintiff, including specifically but not by way of limitation mental anguish, and only specifically admits that Molina's breach of duty proximately caused property damage to Plaintiff's vehicle.

21. Defendants deny the allegations in Paragraph 21.

DEFENDANT CWP ASSET CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT,
AND CAR WASH PARTNERS INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES                              Page 4

## VI.
### COUNT 2 – NEGLIGENT ENTRUSTMENT

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants admit the allegation of Paragraph 23 that Mr. Molina did not have a license (he was operating vehicles on private property, only, and not on a roadway).  Defendants deny the remaining allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit the allegations in Paragraph 25 (as they relate to Mr. Molina).

26.     Defendants deny the allegations in Paragraph 26. Defendants further note that the undersigned counsel, Ms. Mendiola, had a telephone conference with Plaintiff's counsel on December 28, 2018 regarding the identity and all known information regarding Molina.  Plaintiff did not propound discovery or send any formal request for information.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28 regarding alleged personal injuries, including any alleged mental anguish.  Defendants admit Mr. Molina's action resulted in property damage to Plaintiff's vehicle, but denies the amounts claimed by Plaintiff are reasonable and necessary.  Further, Defendants note Plaintiff was fully compensated for the value of her vehicle as a result of water damage caused by Hurricane Harvey, meaning Plaintiff is seeking an inappropriate double-recovery.  Defendants otherwise deny the remaining allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

## VII.
### COUNT 3 – NEGLIGENT HIRING

30.     Defendants admit the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

## VIII.
## COUNT 4 – BREACH OF WARRANTY

34. The allegations in the first sentence of Paragraph 34 do not constitute factual allegations Defendants are required to admit or deny. Defendants deny the allegations in the second sentence of Paragraph 34 that there is an implied warranty of good workmanship related to car wash services.

35. Defendants deny that allegation in Paragraph 35 that one adds value to car by washing it. Defendants admit Plaintiff's vehicle was damaged, but denies the extent of the damage, as alleged by Plaintiff in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37 regarding alleged personal injuries, including any alleged mental anguish. Defendants admit Mr. Molina's action resulted in property damage to Plaintiff's vehicle, but denies the amounts claimed by Plaintiff are reasonable and necessary. Further, Defendants note Plaintiff was fully compensated for the value of her vehicle as a result of water damage caused by Hurricane Harvey, meaning Plaintiff is seeking an inappropriate double-recovery. Defendants otherwise deny the remaining allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

## IX.
### COUNT 5 – VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

39. Defendants admit the allegations in Paragraph 39. Defendant denies, however, that the Deceptive Trade Practices Act ("DTPA") is applicable in this action.

40. Defendants generally admit they are corporations and, under certain inapplicable circumstances, could be sued under the DTPA. Defendants deny the DTPA is applicable in this action.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43 Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

## X.
### CONDITIONS PRECEDENT

48. Defendants deny the allegations in Paragraph 48. Specifically, to the extent the DTPA applied or does apply, Plaintiff did not perform necessary the conditions precedent under Texas Business and Commerce Code section 15.505(a). Specifically, Plaintiff failed to provide 60-day pre-suit notice; instead, Plaintiff filed suit one day before the statute of limitations expired, without providing notice to any Defendant. Defendants specifically deny that the notice requirement was rendered impracticable as Plaintiff obtained surveillance video footage, contact information for the facility, and ultimately accepted payment for the currently alleged damages significantly in advance of filing suit.

## XI.
## PRAYER

49. The allegations in Paragraph 49 do not constitute factual allegations that Defendants are required to admit or deny. To the extent a response is required, Defendants deny that Plaintiff is entitled to recover any of the alleged damages it seeks, as listed in subparts a-i of its prayer for relief.

## XII.
## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Defendants deny all allegations presented in Plaintiff's First Amended Complaint that are not expressly denied in Paragraphs 1-49, above.

### Second Affirmative Defense

2. Defendants further deny Plaintiff sustained recoverable damages as any alleged damages have been paid and any further recovery constitutes an impermissible double recovery. *See Waite Hill Servs., Inc., v. World Class Metal Works, Inc.,* 959 S.W.2d 182, 184-85 (Tex. 1998) (a plaintiff cannot obtain more than one recovery for the same injury). Plaintiff would be impermissibly unjustly enriched, were she to recover the damages sought. Specifically, as a result of water damage caused by Hurricane Harvey, Plaintiff received full value for her vehicle from Amica Mutual Insurance Company, Plaintiff's insurance carrier (in excess of $70,000.00). Further, after the subject accident, Plaintiff was paid the following amounts by EMC Insurance Company, the liability carrier for CWPAC:

      a. Plaintiff was paid $13,718.17 to repair her vehicle;

      b. Plaintiff was paid $5,535.77 in rental car expenses for a rental vehicle.

The payment by EMC Insurance Co. constitutes an accord and satisfaction and/or, at a minimum, entitle Defendants to a credit against alleged property damages. Plaintiff is not entitled to receive additional property damage payments for her vehicle.

### Third Affirmative Defense

3. Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

### Fourth Affirmative Defense

4. Plaintiff's claims for personal injury and/or mental anguish are barred in whole or in part because Texas law does not allow for the recovery of such damages when Plaintiff was not physically injured in connection with the alleged property damage. *See City of Tyler v. Likes*, 962 S.W.2d 489 (Tex. 1997) (dismissing plaintiff's claims for mental anguish arising from damages to plaintiff's property).

### Fifth Affirmative Defense

5. Pursuant to Texas Rules of Civil Procedure 95, Plaintiff's property damage claim is barred by affirmative payment of the property claim by Defendants insurance carrier.

### Sixth Affirmative Defense

6. Defendants affirmatively assert all just and lawful offsets and credits for any amounts paid or otherwise available to Plaintiff, to compensate for her alleged damages, if any.

### Seventh Affirmative Defense

7. To the extent Plaintiff suffered any personal injury damages, Defendants plead the "paid or incurred" statute regarding medical bills incurred. *See* TEX. CIV. PRAC. & REM. CODE § 41.0105.

### Eighth Affirmative Defense

8. Defendants specifically deny that Plaintiff gave timely written notice as required by the DTPA.

### Ninth Affirmative Defense

9. Pleading further, and while continuing to deny liability, in the unlikely event Plaintiff recovers damages in this case, Plaintiff's recovery is limited, with respect to pre-judgment and post-judgment interest, if any, by Chapter 304 of the Texas Finance Code.

### Tenth Affirmative Defense

10. Defendants specifically deny that Plaintiff is entitled to recover any punitive damages. Further, Plaintiff may not be awarded any punitive damages unless she establishes by clear and convincing evidence that Defendants were grossly negligent and/or acted with malice, which is denied. TEX.CIV.PRAC. & REM.CODE §41.003. Additionally, in the unlikely event the Court submits a punitive damages question to the jury as to Defendants, Defendants request that the jury be instructed consistent with the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE §41.012.

### Eleventh Affirmative Defense

11. In the unlikely event of any punitive damages award, Defendants further invoke the limitations on the amount of any such recovery contained in Chapter 41 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE §41.008. While continuing to deny it was grossly negligent, and/or that Plaintiff is entitled to punitive damages, Defendants would further show that punitive damages, if any, must bear a reasonable relationship to actual damages awarded, if any. Pleading further, and with respect to the Plaintiff's claims seeking

punitive damages, Defendants would show that such damages are inappropriate and are impermissible under Texas and United States law because:

a. Such an award would constitute a denial of due process and a denial of equal protection of the law under the constitutions of the United States and of Texas.

b. Such an award would constitute a taking of property without due process of law under the constitutions of the United States and of Texas.

c. Such an award would provide unjust enrichment by reason of the unconstitutional taking of property without due process of law as provided by the constitutions of the United States and of Texas.

d. Under Texas law, the measure for punitive damages is so vague and ambiguous that: (1) both on its face and in application such measure, if any, denies Defendants due process of law and equal protection of law as provided by the constitutions of the United States and of Texas; (2) such measure, if any, prevents courts and juries from consistently applying the law; and (3) such measure, if any, prevents adequate and fair judicial review of such awards.

e. An award of punitive damages would violate the excessive fines clause of the Eighth Amendment to the United States Constitution.

## Twelfth Affirmative Defense

12. Defendants reserve the right to assert additional defenses with respect to such losses por damages as additional information becomes available or apparent as this litigation proceeds.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final judgment, Plaintiff's claims for relief be denied in their entirety, Plaintiff takes nothing by her claims, and Defendants be granted such other and further relief to which the Court may find they are justly entitled.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
301 Congress Ave, Suite 1700
Austin, Texas 78701
(512) 472-0288
(512) 472-9260 (Facsimile)

By: _____
Gregg R. Brown
State Bar No. 03129010
grb-svc@germer-austin.com
Katherine P. Mendiola
State Bar No. 24091830
kmendiola@germer-austin.com

**ATTORNEYS FOR DEFENDANTS CWP ASSET CORP., AND CAR WASH PARTNERS, INC.**

## CERTIFICATE OF SERVICE

I hereby by my signature below that a true and correct copy of the foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas on this the 22nd day of May 2019.

Charles J. Rogers                                   *Via E-Mail: crogers@longevitysports.com*
10030 Briar Drive
Houston, Texas 77042
Tel. (713) 238-8049
*Attorney for Plaintiff*

_____
Gregg R. Brown