UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISON S. ROGERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-4181 |
| | § | |
| CAR WASH PARTNERS, INC. and | § | |
| CWP ASSET CORP., both d/b/a. | § | |
| MISTER CAR WASH, and | § | |
| JOHN DOE, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for summary judgment filed by defendants Car Wash Partners, Inc. ("CWPI") and CWP Asset Corp. ("CWPAC"), both d/b/a Mister Car Wash (collectively, "Defendants") (Dkt. 19), and a motion for partial summary judgment by plaintiff Alison S. Rogers (Dkt. 20). After reviewing the motions, responses, replies record evidence, and the applicable law, the court is of the opinion that Defendants' motion should be DENIED IN PART and otherwise GRANTED and Rogers's motion should be DENIED.

**I. BACKGROUND**

On September 19, 2016, Rogers brought her 2016 Infiniti QX80 to be washed and detailed at a Mister Car Wash location. Dkts. 13, 19. After the wash and detail were completed, the car was parked in the Mister Car Wash parking lot. Dkt. 13. Oscar Ernesto Hernandez Molina, a CWPAC employee, struck Rogers's unoccupied vehicle while operating another customer's vehicle. Dkt. 19 ¶ 1. Rogers's vehicle sustained damage and was towed to Service King, where Rogers was provided a rental car at CWPAC's expense. *Id.* ¶¶ 2, 4. CWPAC's insurance company paid $13,718.17 to repair Rogers's vehicle and paid $5,535.77 for Rogers's use of the rental vehicle. *Id.* ¶ 6. Later,

Rogers's vehicle was flooded during Hurricane Harvey, and she received over $70,000 from her automobile insurance carrier for her totaled loss. *Id.* ¶ 7; Dkt. 23 at 6.

On September 18, 2018, Rogers sued CWPI and John Doe in the 152nd District Court of Harris Country, Texas for negligence, negligent entrustment, and negligent hiring, supervision, training, and retention. Dkt. 1-1. John Doe was the Mister Car Wash employee who drove a vehicle into Rogers's vehicle and would later be identified as Molina.[1] Dkt. 13 at 2; Dkt. 20 at 1. CWPI removed the case to this court on November 2, 2018. Dkt. 1. On April 24, 2019, Rogers amended her complaint, adding CWPAC as a defendant and new claims for a breach of an implied warranty of good and workmanlike performance for the repair or modification of existing tangible goods and a violation of the Texas Deceptive Trade Practices Act ("DTPA") also under the theory of an implied warranty. Dkt. 13.

Defendants have moved for summary judgment. Dkt. 19. Defendants assert that Rogers's claims fail because (1) Defendants have previously paid for Rogers's damages and no damages remain; (2) there is no evidence or insufficient evidence to support claims of direct negligence and gross negligence relating to alleged negligent entrustment, negligent hiring, supervision, training, and retention; (3) Defendants are not liable for exemplary damages based on the conduct of Molina because Molina "was not a vice principal of either corporation, and whose specific conduct in question was not ratified or approved by" CWPAC or CWPI; and (4) Rogers's claims of breach of an implied warranty and for alleged violations of the DTPA "are inapplicable in the present

---

[1] Though Rogers named John Doe in her complaint, she never served Doe/Molina. Defendants contend that the statute of limitations has now run on any claim Rogers alleges against Doe. *See* Dkt. 19, n.3.

2

circumstances." *Id.* ¶ 11. Defendants also request an award of attorneys' fees for the "groundless" DTPA claim. *Id.*

Regarding Defendants' assertion that no recoverable damages remain, Rogers argues that (1) recoverable money damages still exist for loss of use, loss in value, personal injury, and breach of implied warranty; (2) injunctive relief is also available; and (3) even if all money damages have been paid, Defendants are not disposed of liability. Dkt. 23 at 3. Rogers contends the surveillance video of the accidence is "summary judgment evidence" of Molina's gross negligence and recklessness and that "a reasonable fact finder may conclude from the video that Molina's actions were malicious." *Id.* at 10. Rogers further asserts that there are disputed facts surrounding Defendants' negligent entrustment with and hiring of Molina. *Id.* at 10, 13. Rogers then counters that there was an implied warranty because she is a consumer and car washing services to "modify vehicles by increasing their value" falls within the scope of the DTPA. *Id.* at 14.

Furthermore, Rogers moves for partial summary judgment on two issues, seeking a judgment of (1) negligence per se, under the negligent entrustment claim, because Defendants entrusted a vehicle to an unlicensed employee; and (2) liability for the breach of warranty and DTPA claims because Defendants destroyed Rogers's vehicle rather than cleaned it. Dkt. 20 at 1. Defendants argue that no evidence supports Rogers's negligent entrustment and negligence per se claims (Dkt. 22 ¶¶ 11, 13) and that Rogers's claim for a breach of an implied warranty and DTPA claim fail as a matter of law (*Id.* ¶19).

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for

the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

**A.     Defendants' Motion for Summary Judgment**

The court will first consider whether Defendants have demonstrated the absence of a genuine issue of material fact and whether Defendants are entitled to attorneys' fees under the DTPA.

**1.     Negligence**

To establish a negligence claim, "the plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). Defendants concede that they owed a legal duty to Rogers (Dkt. 17 ¶ 18) and that Molina was negligent when operating a vehicle during the accident (Dkt. 19 ¶¶ 29, 31). Assuming there was a breach of duty, this claim turns on whether there are damages proximately caused by the breach.

Rogers asserts that she is entitled to repair damages, loss-of-use damages, valuation damages including diminished market value, personal injury damages to Rogers including mental anguish, and exemplary damages for gross negligence and/or malice. Dkt. 13 at 5. The repair damages and loss-of-use damages have already been paid by CWPAC when it paid for the repairs and use of a rental car. Dkt. 19 ¶¶ 18, 22. Furthermore, although Rogers sustained no physical injury from the

accident, she claims she suffered mental anguish from being near the scene of the accident "a few seconds" beforehand. Dkt. 23 at 8. A bystander claim is one of the exceptions to general rule that a physical injury is required to recover damages from mental anguish. *See City of Tyler v. Likes*, 962 S.W.2d 489, 496 (Tex. 1997). To recover as a bystander, a plaintiff must establish that (1) the plaintiff was located near the scene of the accident, (2) the plaintiff suffered shock resulting from a direct emotional impact upon plaintiff's observance of the accident; and (3) the plaintiff and victim were "closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 541–42 (Tex. 1998). Because there was no victim in the accident, Rogers does not qualify as a bystander and thus would not be able to recover for her alleged mental anguish..

Regarding the valuation damages including diminished market value, Rogers relies on an expert report made by Roy Theophilus Bent, Jr. Dkt. 19, Ex. F.[2] Viewing this evidence in a light most favorable to Rogers, a reasonable jury could find a diminished market value due to the accident. Therefore, a genuine issue of material fact regarding injury exists. Defendants' motion for summary judgment as it relates to the negligence claim is DENIED.

**2.    Negligent Entrustment**

To establish liability for negligent entrustment, Rogers must prove that: (1) Defendants entrusted the vehicle to Molina; (2) Molina was unlicensed, incompetent, or reckless; (3) at the time of the entrustment, Defendants knew or should have known that Molina was unlicensed, incompetent, or reckless; (4) Molina was negligent on the occasion in question; and (5) Molina's

---

[2] Defendants object to the credibility of Bent's report on hearsay grounds. Dkt. 25 at 3. However, Rogers is "not required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp.*, 477 U.S. at 324. The objection is therefore OVERRULED.

negligence proximately caused the accident. *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016). The first, fourth, and fifth elements are undisputed: Defendants entrusted the vehicle to Molina, Molina operated it negligently when attempting to park the vehicle, and Molina's negligence proximately caused the accident.

It is undisputed that Molina did not have a driver's license. Dkt. 19 ¶ 40. However, Molina drove the vehicle in a parking lot, not a public roadway, and thus was not required to have a license. *See* TEX. TRANSP. CODE § 521.021 ("A person, other than a person expressly exempted under this chapter, may not operate a motor vehicle on a highway in this state unless the person holds a driver's license issued under this chapter."). "Even the lack of a required legal license does not establish incompetence or recklessness." *4Front Engineered*, 505 S.W.3d at 911. Furthermore, during Molina's nearly twenty years of employment with CWPAC, "Molina had no prior history of accidents." Dkt. 19, Ex. E (Smith Decl.). Given Molina's experience and history during his employment, CWPAC had no reason to believe that Molina was incompetent or that he would operate the vehicle recklessly. *Cf. 4Front Engineered*, 505 S.W.3d at 911 (finding that an otherwise exemplary employee was not incompetent or reckless just because he had a momentary lapse in judgment). Although it is undisputed that Molina was negligent while operating the vehicle, no evidence supports Molina's incompetence or recklessness, or that Defendants knew or should have known that he was. Because no reasonable jury would find Defendants negligently entrusted a vehicle to Molina, Defendants' motion for summary judgment for the negligent entrustment claim is GRANTED.

### 3. Negligent Hiring

For Rogers to recover on her negligent hiring claim, CWPAC's negligence in hiring Molina and Molina's subsequent negligent act or omission must have proximately caused Rogers's injury.

*Endeavor Energy Res., L.P. v. Cuevas*, No. 17-0925, 2019 WL 1966625, at *3 (Tex. May 3, 2019). An employer is not negligent when "nothing in an employee's background would cause a reasonable employer to not hire or retain the employee." *Mejia-Rosa v. John Moore Servs., Inc.*, No. 01-17-00955-CV, 2019 WL 3330972, at *10 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op., not designated for publication). Again, because Molina had a spotless background, a reasonable employer would not hesitate to hire or retain him. Because no reasonable jury would find CWPAC negligently hired or retained Molina, Defendants' motion for summary judgment for the negligent hiring claim is GRANTED.

4. **Breach of Implied Warranty and Violation of Texas Deceptive Trade Practices Act**

Rogers asserts breach of implied warranty and DTPA claims against Defendants. Dkt. 13 at 1. Texas common law recognizes the implied warranty of good and workmanlike performance for the repair or modification of existing tangible goods. *Nghiem v. Sajib*, 567 S.W.3d 718, 723 (Tex. 2019). The term "modification" broadly includes any change or alteration that "introduces new elements into the details of the subject matter or cancels some of them but which leaves the general purpose and effect of the subject matter intact." *Archibald v. Act III Arabians*, 755 S.W.2d 84, 86 (Tex. 1988). Similarly, "an implied warranty to repair or modify existing tangible goods or property in a good and workmanlike manner is available to consumers suing under the DTPA." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987). The definition for "modification" under the DTPA follows the common law definition since the alleged warranty is found in the common law. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984).

Rogers's vehicle is a existing tangible good. Rogers argues she brought her vehicle to Mister Carwash "to increase the value of the car by cleaning it . . . [and] [i]nstead ended up with a vehicle . . . modified by rendering it undrivable." Dkt. 13 ¶ 35. However, no reasonable jury would find the cleaning of a vehicle to be a "repair or modification" under the Texas Supreme Court's definition. Thus, there is no warranty. Rogers's implied warranty claim and the related DTPA violation claim accordingly fail. Defendants' motion for summary judgment as it relates to the breach of implied warranty and violation of the DTPA is GRANTED.

### 5. Attorneys' Fees

A defendant may be awarded attorneys' fees if the court finds the suit was "groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." TEX. BUS. & COMM. CODE ANN. § 17.50(c). Here, since the court is not dismissing all of Rogers's claims, the request for attorneys' fees is premature.

### B. Rogers's Motion for Partial Summary Judgment

Next, the court will consider Rogers's motion for partial summary judgment on her two specific claims. Rogers first moves for a judgment of negligence per se as to the negligent entrustment claim. Dkt. 20 ¶ 18. For negligence per se cases, courts look to a penal statute to impose liability; the inquiry is "whether or not the defendant violated the statute and, if so, whether [the violation] was a proximate cause of the accident." *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979). Rogers asserts that Defendants committed negligence per se by allowing Molina to operate a vehicle without a driver's license. Dkt. 20 ¶ 17. However, there is no evidence that Molina took the vehicle off of Mister Car Wash's private parking lot. Dkt. 22 ¶ 11. Texas law does not require a license to drive on private property. *See* TEX. TRANSP. CODE § 21.021. Defendants concede that if the accident occurred on a public roadway, "the circumstances would be

different." Dkt. 22 ¶ 11. Because Rogers has not shown there was a violation of a criminal statute, her motion for summary judgment relating to negligence per se claim is DENIED.

Rogers next moves for summary judgment for her alleged breach of implied warranty of good workmanship and alleged violation of the DTPA. Dkt. 20 ¶ 23. Rogers contends she visited Mister Carwash to increase the value of the vehicle by cleaning it, but "[i]nstead, Rogers ended up with a vehicle close to destroyed." *Id.* ¶ 20. Defendants argue that cleaning a vehicle is not a "modification" because cleaning does not introduce new elements or cancel old elements which leaves the general purpose of the vehicle intact. Dkt. 19 ¶ 60; *see also Archibald*, 755 S.W.2d at 86. As discussed above, no reasonable jury would find a breach of implied warranty in this case. The DTPA claim also fails. Accordingly, Rogers's motion for summary judgment is DENIED.

## IV. CONCLUSION

Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. It is DENIED with regards to Rogers's negligence claim. The court DEFERS ruling on attorneys' fees. It is otherwise GRANTED. Rogers's motion for partial summary judgment is DENIED. Rogers's claims against Defendants for negligent entrustment, negligent hiring, supervision, training and retention, breach of warranty, and violation of DTPA are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on December 3, 2019.

Gray H. Miller
Senior United States District Judge